FILED'09 AUG 07 15:11 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN MORGAN MEEKS,                                    CV. 09-747-ST

              Plaintiff,                        ORDER TO DISMISS

    v.

A. HAGGERTY, HOGAN, COFFIN,
GRABBER, AKIN, COURT CLERKS,
and LAW CLERKS,

              Defendants.

BROWN, District Judge.

    Plaintiff, an inmate at FCI-Sheridan, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate order, the court has granted plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    In this prisoner civil rights action, plaintiff alleges that various federal Judges and court staff are biased against him.

1 - ORDER TO DISMISS

Plaintiff appears to ask the court to award him $17,500,000 and appoint a guardian *ad litem* to protect him "from IRS + governmental thieves." Complaint (docket #1), p. 3.

### STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

> (B)   the action . . .
>
>> (i)   is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).   In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Plaintiff's claims against Judges Haggerty, Hogan, Coffin, Graber, and Aiken all fail to state a claim because judges are absolutely immune from a suit for damages arising out of judicial acts performed in their judicial capacity. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Similarly, plaintiff's claims against the court clerks and law clerks are barred by quasi-judicial immunity. *In re*

*Castillo*, 297 F.3d 940, 952 (9th Cir. 2002).  Moreover, the court finds the contents of plaintiff's Complaint to be frivolous. Accordingly, the Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (#1) is DISMISSED because it both fails to state a claim and is frivolous.  As these deficiencies cannot be cured through amendment, the dismissal is with prejudice.

Because the court is able to summarily resolve this case based on the contents of the Complaint, plaintiff's request for the appointment of counsel in the body of his Complaint is DENIED.

IT IS SO ORDERED.

DATED this _____ day of August, 2009.

_____
Anna J. Brown
United States District Judge